892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Travis WITHERS, and Latrell Mitchell, Defendants-Appellants.
 Nos. 89-5185, 89-5283.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants directly appeal their jury convictions in a joint trial in district court in Tennessee for conspiracy to possess cocaine with the intent to distribute, and attempt to possess cocaine with the intent to distribute. We affirm their jury convictions.
 
 
 2
 Greg Hamilton, cooperating with state and federal authorities to improve his position at his sentencing for unrelated offenses, informed the Metro Narcotics Division of the Shelby County, Tennessee Sheriff's office that defendant Withers had contacted him in early May 1988 about buying six kilograms of cocaine. Subsequently, Hamilton had several telephone conversations with Withers regarding the purchase of cocaine. Hamilton recognized Withers' voice during these telephone conversations.
 
 
 3
 On May 25, 1988, Withers contacted Hamilton to purchase three kilograms of cocaine. Later that day, Withers, accompanied by defendant Mitchell in Mitchell's truck, met Hamilton in a parking lot where Mitchell was introduced as Withers' partner. Withers and Mitchell followed Hamilton to his apartment where they were introduced to an undercover agent, Sgt. David Sowell. After a brief conversation about running larger quantities of cocaine every week, Withers handed Sowell a gym bag containing $48,500.00.
 
 
 4
 Sowell opened a briefcase containing six packages of a white, powdery substance and the defendants were instructed to pick any three. As both defendants approached the briefcase and Withers began to pick up a package, other agents came out of the bedroom and arrested the defendants.
 
 
 5
 Sowell wore a concealed microphone and transmitter during the events in Hamilton's apartment. A recording of these events was introduced at trial and played before the jury. Sowell also testified that both of the defendants engaged in the conversation regarding the purchase of the cocaine and the purchase of larger amounts on a weekly basis.
 
 Withers' Testimony
 
 6
 At trial, Withers testified that Hamilton told him that Hamilton had to "move" three kilograms of cocaine or he would be killed. Withers stated that he "put the word out on the street" that he could provide cocaine in large amounts and that Mitchell contacted him in response. He testified that on May 25, 1988, Mitchell drove Withers to some apartments where they met with two other men who had a gym bag full of money and who followed them to the parking lot meeting with Hamilton. Withers claimed that he took no part in the conversation at Hamilton's apartment and that he had no interest in the money. Withers stated that while Mitchell was asking about the weight of the packages, both men were arrested.
 
 Mitchell's Testimony
 
 7
 Mitchell testified that he was only contacted by Withers to give him a ride to an apartment in exchange for gas money and some cocaine to smoke. He stated that Withers had a gym bag, but Mitchell asserted that he had no idea what was in it. He stated that Withers did all of the talking at Hamilton's apartment including making statements about future plans to buy cocaine and a statement that people were "hungry for the stuff." He says they were arrested as Withers picked up a package of the cocaine.
 
 
 8
 On July 13, 1988, Mitchell filed a Motion for Severance, which was denied on September 2, 1988. On October 31, 1988, at the beginning of the jury trial, the court again denied the Motion to Sever, stating that it found no prejudice to the defendants simply from being tried together in a drug conspiracy case. On November 4, 1988, a jury found Withers guilty of conspiracy to possess cocaine with intent to distribute and of attempt to possess cocaine with intent to distribute. The jury found Mitchell guilty of conspiracy to possess cocaine with the intent to distribute but could not reach a verdict on the attempt charge.
 
 
 9
 Defendant Withers appeals the court's admission of testimony that Withers was the speaker on the taped conversation in the apartment without requiring any scientific proof on that issue. Defendant Mitchell appeals the court's denial of his motion to sever and also claims that there was insufficient evidence to convict him for conspiracy to possess cocaine with intent to distribute.
 
 
 10
 A) Withers.
 
 
 11
 Withers contends that the district court erred in admitting testimony that he was the speaker on the taped conversation in the apartment without requiring any scientific proof on that issue. Withers claims that the individual who made the taped statement that people were "hungry for the stuff" should be considered the "major malefactor" in this case. He argues that the government should have had an expert identify the different voices on the tape. United States v. Cooper, 868 F.2d 1505 (6th Cir.1989). He further argues that Mitchell's attorney's remarks at sentencing indicate that Mitchell, not Withers, was the speaker on the tape. Consequently, Withers argues that the evidence adduced at trial was not sufficient enough to convince a rational trier of fact that he was the speaker. Jackson v. Virginia, 443 U.S. 307, 317 (1979).
 
 
 12
 Sgt. Sowell's testimony, identifying Withers as the speaker, was not voice identification based on a comparison of a taped declarant to a "live" declarant, but rather was based on Sowell's simultaneous observation and hearing of the defendant speaking the words attributed to him. Sowell was present at the time of the declaration and he did not base his identification of Withers on the tape recording. Further, the jury was able to hear the tape and hear the testimony of both defendants at trial. It is within the province of the jury as finders of fact to determine who said what without a scientific determination of the speakers on the tape. We also find the statements by Mitchell's attorney at sentencing to be irrelevant to the question of the sufficiency of the evidence for a jury conviction in this case. Thus, we find defendant Withers' appeal to be without merit and we affirm his conviction.
 
 B) Mitchell
 
 13
 Mitchell argues that because of Withers' prior drug involvement with Hamilton and Withers' "over-all hands-on participation in this entire transaction, compared to the lack of evidence against" Mitchell, he was severely prejudiced by being tried with Withers because of the jury's inability to separate the evidence against both defendants. Mitchell also argues that given the lack of hard evidence against him, no rational finder of fact could have found him guilty of the charged offenses. Jackson v. Virginia, 443 U.S. 307 (1979). He contends that the evidence shows only that he drove Withers to the apartment and accompanied him there. He argues that other than Withers' testimony, no evidence directly links him to the transaction or to the other phases of the operation; therefore, the evidence is constitutionally insufficient. In a novel argument he contends that because the jury took longer to convict him than Withers and because it deadlocked on the attempt count, this further supports his contention that the evidence was insufficient to convict him on the conspiracy charge.
 
 
 14
 Mitchell has failed to make the strong and compelling showing of prejudice required to reverse a district court's decision not to sever the trials of co-defendants who allegedly participated in the same offense. United States v. Horton, 847 F.2d 313, 317 (6th Cir.1988). Defendant has made no showing of prejudice which indicates that the district court abused its discretion in denying severance. The fact that evidence against one co-defendant may be stronger than against another is not a ground for severance. United States v. Causey, 834 F.2d 1277, 1288 (6th Cir.1987), cert. denied, 108 S.Ct. 2109 (1988). The defendant's contention that the jury was unable to separate the evidence against each defendant is equally meritless in light of decisions in this circuit, the relatively simple nature of this trial, and the lack of specifics cited by the defendant. Likewise, the fact that defendants testify against each other is not a reason to sever cases. Horton, 847 F.2d at 317.
 
 
 15
 On Mitchell's second argument, the evidence is to be construed in the light most favorable to the government in challenges to the sufficiency of the evidence. Glasser v. United States, 315 U.S. 60 (1942). Hamilton's testimony that Withers introduced Mitchell as his partner and Sgt. Sowell's testimony that Mitchell actively participated in the conversation regarding moving ten kilograms of cocaine per week, demonstrate the sufficiency of the evidence to allow a rational fact finder to convict Mitchell for participating in a conspiracy to purchase three kilograms of cocaine. Moreover, Withers testified that Mitchell participated in the cocaine scheme. Mitchell's argument regarding the jury's delay in convicting him indicates that the jury considered each defendant separately, undercutting Mitchell's severance argument.
 
 
 16
 We affirm defendant Mitchell's conviction.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation